BROWN, NERI, SMITH & KHAN, LLP
Nathan M. Smith (SBN 255212)
Nona Yegazarian (SBN 316458)
11601 Wilshire Blvd, Suite 2080
Los Angeles, California 90025
Tel.: (310) 593-9890
Fax: (310) 593-9980
nate@bnsklaw.com
nona@bnsklaw.com

Additional co-counsel identified
on the signature page

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL YOUNG**, individually and on behalf of other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**MOPHIE, INC.**,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Michael Young, a Florida resident ("Plaintiff" or "Mr. Young"), individually and on behalf of other similarly situated individuals, alleges the following against defendant Mophie, Inc., ("Mophie" or "Defendant"), upon personal knowledge as to himself and his own acts and upon information and belief – based upon, *inter alia*, the investigation made by his attorneys – as to all other matters, as follows:

COMPLAINT

# INTRODUCTION

1. In recent years consumers have become increasingly dependent on portable electronic devices like smart phones, tablets and laptop computers ("PED"). PEDs have made it convenient for consumers to stay in constant communication with colleagues, friends, and loved ones, and to immediately access information. However, like any electronic device, PEDs require power and their internal batteries must be periodically recharged.

2. To address the needs of consumers to use PEDs during travel, or when the consumer otherwise lacks access to an electrical outlet, the portable charger industry emerged. A portable charger, often called a power bank ("Power Bank"), is a small, portable power source consumers can use to recharge their PEDs during travel. A power bank with a higher capacity, as is expressed in milliampere-hours ("mAh"), has a greater ability to recharge PEDs compared to a power bank with a lower capacity. The primary value and main differentiator is the power bank's capacity as compared to other power banks. Thus, consumers prefer and are willing to pay a premium for power banks with higher mAh ratings.

3. Mophie manufactures, markets, and distributes for sale to consumers nationwide a number of Power Banks under the Powerstation and Juice Pack labels (the "Products"). It represents the Products' capacities as measured in mAh on the products' packaging.

4. Unfortunately for consumers, testing has shown the Products' actual capacity is substantially lower than what Mophie represents.

5. By deceiving consumers about the Products' capacity as detailed herein, Mophie is able to sell more of, and charge more for, the Products, than it could if they were labeled accurately. Further, Mophie was also motivated to mislead consumers to take away market share from competing products, thereby increasing its own sales and profits.

6. This is a proposed class action brought by Plaintiff, individually and on behalf of a class of similarly situated consumers, against Mophie, seeking redress for Defendant's unlawful, unjust, unfair, and deceptive practices in misrepresenting the capacity of the Products in violation of state law during the applicable statute of limitations period ("Class Period").

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over the parties in this case. Defendant is headquartered and has its principal place of business in this District.

8. This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), provides for the original jurisdiction of the federal courts in any class action in which the proposed plaintiff class is comprised of at least 100 members, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

9. Venue is proper in this District under 28 U.S.C. § 1391(a). Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the Power Banks, occurred within this District.

## PARTIES

10. Plaintiff Michael Young is an individual consumer who, at all times material hereto, was a citizen and resident of Pensacola, Florida. In early 2018, Plaintiff purchased the Juice Pack compatible with his Samsung Galaxy Note8 phone from a Best Buy store.

11. Plaintiff read and relied upon the rated mAh of power Defendant asserted the Power Bank provided.

12. Upon receiving the Power Bank, Plaintiff was disappointed to find he was forced to recharge his Mophie more often than he expected.

13. Plaintiff needs to keep his phone charged and available for his work, and sometimes does not have access to an electrical outlet. Plaintiff has a substantial need for a Power Bank. Plaintiff would consider purchasing the Power Bank again if he could trust that the Defendant's representations about its mAh rating were correct going forward, such as if the Power Bank was redesigned to make the Defendant's representations about it correct, or if the Power Banks label and advertising depicted the Power Banks' mAh and it was priced accordingly. He also has a strong interest in ensuring honesty in the marketplace for Power Banks.

14. Defendant Mophie is a California corporation with its principal place of business at 15101 Red Hill Ave., Tustin, California. Defendant owns the Powerstation and Juice Pack brands. Defendant markets and distributes the Power Banks from California throughout the United States.

## DETAILED ALLEGATIONS

15. Millions of Americans depend on portable electronic devices like smart phones, tablets, and laptop computers ("PED") to conduct their daily lives. PEDs have made it more convenient for consumers to constantly stay in communication with colleagues, friends, and loved ones, and to immediately access information.

16. To address the needs of consumers to power their PEDs during travel, or when they otherwise lack access to an electrical outlet, an industry for Power Banks has emerged. The sale of Power Banks now generates more than $15 billion in sales each year.

17. The most important factor for consumers in choosing a Power Bank is its capacity, which is measured in milliampere-hours, or "mAh." The higher the mAh, the greater the ability to recharge PEDs before the Power Bank itself must be recharged. Consumers thus have a strong preference for, and pay more for,

Power Banks with a higher mAh. Accordingly, for most Power Banks, the mAh rating is featured prominently in the power bank's advertising.

18. Defendant Mophie manufactures, markets, and distributes for sale nationwide to consumers a number of Power Banks under the Powerstation and Juice Pack label ("the Power Banks"). Defendant sells the Power Banks directly from its website, through Amazon.com, and through other retailers. Everywhere the Power Banks are sold, at the point of sale on the Power Banks' packaging and labeling, Defendant prominently represents the Power Banks' capacity as measured in mAh.

19. Unfortunately, testing has shown that Defendant has systematically and routinely substantially inflated the Products' mAh ratings. Testing conducted on over a dozen of the Products revealed shortfalls across Defendant's product line. Upon information and belief, Defendant knew, at the time it sold the Products to Plaintiff and the other class members, that the Products' true capacity was substantially less than what Defendant had represented. Defendant intentionally misrepresented the Products' capacity to Plaintiff and the other class members to induce them to purchase and pay a premium for the Products.

20. In very basic terms, the Products consist of a battery (or series of batteries) and technology which converts the charge from the batteries to a voltage that consumer devices, like cell phones, can accept. By necessity, the conversion process reduces the amount of available power. Power Banks also have internal circuitry that must use power from the internal batteries.

21. Defendant's marketing of the Power Banks' mAh capacity misleadingly fails to account for the fact that the Products are technologically incapable of delivering the full amount of power for which the internal batteries are rated. The Products can never deliver the amount of power held by the internal batteries to a consumer's device because, before it can be delivered, its voltage must be converted, resulting in a loss of up to one-quarter of the batteries'

theoretical power, and the internal circuitry must be powered. Because this power can never be delivered to a consumer's device, it is deceptive to base marketing statements on a theoretical battery capacity that Products are incapable of actually delivering.

22. Plaintiff purchased a Mophie Juice Pack Power Bank that Defendant asserted had a "2950 mAh" capacity. For the reasons described in ¶ 21, it was impossible for Plaintiff's device to actually deliver that much power.

23. Defendant has profited enormously from its false and misleading representations about the Products. The purpose of this action is to put an end to Defendant's deceptive marketing of the Products and to provide consumers with monetary relief.

## CLASS ALLEGATIONS

24. Additionally, Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and similarly situated individuals within certain States (the "Class"), defined as follows:

> All consumers who purchased the Power Banks in Alaska, Connecticut, Delaware, the District of Colombia, Illinois, New Hampshire, New York, Wisconsin, Florida, Hawaii, Massachusetts, Nebraska, Washington, Missouri, Maine, Michigan, New Jersey, Vermont and Rhode Island. Excluded from the Class are any of Defendant's officers, directors, or employees; officers, directors, or employees of any entity in which Defendant currently has or has had a controlling interest; and Defendant's legal representatives, heirs, successors, and assigns.

25. At this time, Plaintiff does not know the exact number of members of the Class; however, based on Defendant's sales, market research, and publicly available information Plaintiff believes that the number of members of each of the Class are so numerous that joinder of all members is impractical.

26. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include:

(a) whether Defendant misrepresented the Power Banks' mAh ratings;

(b) whether Defendant's conduct was unfair and/or deceptive;

(c) whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiff and the Class;

(d) whether Defendant's conduct constitutes a breach of express warranty;

(e) whether Defendant violated state consumer protection laws;

(f) whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof;

(g) whether Plaintiff and the Class are entitled to restitution, and if so, the proper measure thereof; and

(h) whether Mophie should be enjoined from continuing to sell the Power Banks as currently labeled;

27. Plaintiff's claims are typical of those of the Class, because Plaintiff, like all members of the Class, purchased, in a typical consumer setting, Defendant's Power Bank bearing the claim that its capacity is greater than it really is, and Plaintiff sustained damages from Defendant's wrongful conduct.

28. Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel that is experienced in litigating complex consumer products class actions. Plaintiff has no interests which conflict with those of the Class.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

30. No member of the Class has a substantial interest in individually controlling the prosecution of a separate action. The damages for each individual member of the Class likely will be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's conduct. Thus, it would be virtually impossible for them individually to effectively redress the wrongs done to them.

31. The prerequisites to maintaining a class action for injunctive or equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the members of the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

32. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of the members of the Class even where certain members of the Class are not parties to such actions.

33. Defendant's conduct is generally applicable to the as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole is appropriate.

**CAUSES OF ACTION**
**COUNT I**
**(Violation of Materially Identical State Consumer Protection Statutes, on Behalf of the Class)**

34. Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

35. Mophie is engaged in "trade" and "commerce" as it distributes the Power Banks to retail stores for sale to consumers within this and each of the states listed below.

36. Mophie's representation regarding the capacity of the Power Banks were material to a reasonable consumer and likely to affect consumer decisions and conduct.

37. Mophie has used and employed unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce.

38. Mophie's acts and practices are immoral, unethical, oppressive and unscrupulous.

39. Mophie's conduct is substantially injurious to consumers. Such conduct has, and continues to cause, substantial injury to consumers because consumers would not have paid such a high price for the Power Banks but for Mophie's false promotion of the Power Bank's electrical storage capacity. Consumers have thus overpaid for the Power Banks and such injury is not outweighed by any countervailing benefits to consumers or competition.

40. No benefit to consumers or competition results from Mophie's conduct. Since reasonable consumers are deceived by Mophie's representations of the Power Banks and they were injured as a result, consumers could not have reasonably avoided such injury.

41. The foregoing unfair and deceptive practices directly, foreseeably and proximately caused Plaintiff and the Class to suffer an ascertainable loss when they paid a premium for the Power Banks.

//
//
//
//
//

42. The practices discussed above all constitute unfair competition or unfair, unconscionable, deceptive, or unlawful acts or business practices in violation of at least the following state consumer protection statutes:[1]

(a) **Alaska Unfair Trade Practices and Consumer Protection Act**, Alaska Stat. § 45.50.471, *et seq.*;

(b) **Connecticut Unfair Trade Practices Act**, Conn. Gen. Stat. § 42-110a, *et seq.*;

(c) **Delaware Consumer Fraud Act**, Del. Code Ann. tit. 6, § 2511, *et seq.*;

(d) **District of Columbia Consumer Protection Procedures Act,** D.C. Code § 28-3901, *et seq.*;

(e) **Florida Deceptive and Unfair Trade Practices Act,** Fla. Stat. § 501.201, *et seq.*;

(f) **Hawaii Unfair and Deceptive Practices Act**, Hawaii Rev. Stat. § 480-1, *et seq.*;

(g) **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp. Stat. § 505/1, *et seq.*;

(h) **Maine Unfair Trade Practices Act**, Me. Rev. Stat., tit. 5, § 205-A, *et seq.*;

(i) **Massachusetts Regulation of Business Practices for Consumers' Protection Act**, Mass. Gen. Laws Ann. ch. 93A, § 1 *et seq.*;

(j) **Michigan Consumer Protection Act,** Mich. Comp. Laws § 445.901 *et seq.*;

(k) **Missouri Merchandising Practices Act**, Mo. Rev. Stat. § 407.010, *et seq.*;

---

[1] There is no material conflict between these state statutes because these state statutes (1) do not require reliance by unnamed class members; (2) do not require scienter; and (3) allow class actions.

(l) **Nebraska Consumer Protection Act**, Neb. Rev. Stat. § 59-1601 *et seq.*;

(m) **New Hampshire Consumer Protection Act**, N.H. Rev. Stat. Ann. § 358-A:1. *Et seq.*;

(n) **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, *et seq.*;

(o) **New York Deceptive Acts and Practices Act**, N.Y. Gen. Bus. Law § 349, *et seq.*;

(p) **Rhode Island Unfair Trade Practices and Consumer Protection Act**, R.I. Gen. Laws § 6-13.1-1, *et seq.*;

(q) **Vermont Consumer Fraud Act**, Vt. Stat. Ann. tit. 9, § 2451, *et seq.*;

(r) **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, *et seq.*;

(s) **Wisconsin Deceptive Trade Practices Act**, Wis. Stat. § 100.18, *et seq.*

43. The foregoing unfair and deceptive practices directly, foreseeably and proximately caused Plaintiff and the Class to suffer an ascertainable loss when they paid a premium for the Power Banks over comparable power banks.

44. Plaintiff and the Class are entitled to recover damages and other appropriate relief, as alleged below.

## COUNT II
**(Breach of Express Warranty on Behalf of the Class)**

45. Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

46. Mophie's representations regarding the Power Banks' capacity constitute affirmations of fact.

47. Mophie's representations that the Power Banks' capacity is greater than it really is relates to the goods and became part of the basis of the bargain between Mophie and purchasers of the Power Banks.

48. Plaintiff and members of the Class purchased the Power Banks, believing that they conformed to the express warranties.

49. As set forth in the paragraphs above, Mophie's statements concerning the Power Banks are false.

50. Mophie breached its express warranties about the Power Banks because, as alleged above, the Power Banks' capacity was lower than Mophie represented. Mophie therefore breached the applicable state statutes and common law.

51. As a result of Mophie's breaches of express warranty, Plaintiff and the other members of the Class were damaged in the amount of the purchase price they paid for the Power Banks, or in the amount they paid based upon the misrepresentations, in amounts to be proven at trial.

52. As a proximate result of the breach of warranties by Mophie, Plaintiff and the other members of the Class did not receive goods as warranted. Among other things, Plaintiff and members of the Class did not receive the benefit of the bargain and have suffered other injuries as detailed above. Moreover, had Plaintiff and the members of the Class known the true facts, they either would not have purchased the Power Banks, or would not have been willing to pay the price Mophie charged for the Power Banks.

53. Wherefore Plaintiff, on behalf of the Class, pray for relief as set forth herein.

\\
\\
\\
\\

# COUNT III
## (Unjust Enrichment on Behalf of the Class)

54. Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

55. Plaintiff and the members of the Class conferred benefits on Mophie by purchasing the Power Banks and paying a greater price for them than they would have if the Mophie had truthfully represented the Power Banks' capacity.

56. Mophie has knowledge of such benefits.

57. Mophie's representations that the capacity of the Power Banks is greater than it actually is constitutes an affirmation of fact that is part of the basis of the bargain between Mophie and purchasers of the Power Banks.

58. Mophie made the above-referenced representations in order to induce Plaintiff and the members of the Class to purchase, purchase more of, or to pay more for the Power Banks than they otherwise would have, and Plaintiff and the members of the Class relied on the representations in purchasing the Power Banks.

59. As a result of Mophie's deceptive, fraudulent and misleading labeling, advertising, and marketing of the Power Banks, Plaintiff and other members of the Class were induced to pay the purchase price and pay more for the Power Banks than they otherwise would have.

60. Plaintiff and the members of the Class were unjustly deprived of payments because they would not have purchased, or would have purchased less of, or would have paid less for the Power Banks if true facts had been known.

61. Mophie was enriched at the expense of Plaintiff and the other members of the Class, thereby creating a quasi-contractual obligation on Mophie to restore those ill-gotten gains to Plaintiff and the members of the Class.

62. Under the circumstances, it would be against equity and good conscience to permit Mophie to retain the ill-gotten benefits that it received from

Plaintiff and the other members of the Class, in light of the fact that the Power Banks purchased by Plaintiff and the other members of the Class were not what Mophie purported them to be. Thus, it would be unjust or inequitable for Mophie to retain the benefit without restitution to Plaintiff and the other members of the Class for the monies paid to Mophie for the Power Banks.

63. As a direct and proximate result of Mophie's unjust enrichment, Plaintiff and the members of the Class are entitled to restitution or restitutionary disgorgement, in an amount to be proven at trial.

64. Wherefore Plaintiff, on behalf of the Class, pray for relief as set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment on behalf of himself and the Class as follows:

A. An order certifying the proposed Class; appointing Plaintiff as the representative of the Class; and appointing Plaintiff's undersigned counsel as Class counsel for the Class;

B. A declaration that Defendant is financially responsible for notifying members of the Class of the pendency of this suit;

C. An order requiring proper, complete, and accurate labeling of the Power Banks;

D. Monetary damages, injunctive relief, and statutory damages in the maximum amount provided by law;

E. Punitive damages in accordance with proof and in an amount consistent with applicable precedent;

F. An order awarding Plaintiff and the other members of the Class the reasonable costs and expenses of suit, including their attorneys' fees; and

G. Any further relief that the Court may deem appropriate.

# JURY TRIAL DEMANDED

Plaintiff demands a trial by jury for all claims so triable.

Dated: May 2, 2019        By:      /s/ Nathan M. Smith
                                   Nathan M. Smith
                                   Nona Yegazarian
                                   **BROWN NERI SMITH & KHAN LLP**
                                   11601 Wilshire Blvd., Suite 2080
                                   Los Angeles, CA 90025
                                   T: (310) 593-9890
                                   F: (310) 593-9980
                                   nate@bnsklaw.com
                                   nona@bnsklaw.com

**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
D. Greg Blankinship*
Sara K. Bonaiuto*
445 Hamilton Ave, Suite 605 White Plains, New York 10601
(914) 298-3290
gblankinship@fbfglaw.com
sbonaiuto@fbfglaw.com

**BERGER MONTAGUE PC**
E. Michelle Drake*
Joseph C. Hashmall*
43 SE Main Street, Suite 505
Minneapolis, MN 55414
(612) 594-5999; (612) 584-4470
emdrake@bm.net
jhashmall@bm.net

*pro hac vice* forthcoming

*Attorneys for Plaintiff*