BROWN, NERI, SMITH & KHAN LLP
Nathan M. Smith (SBN 255212)
Nona Yegazarian (SB 316458)
11601 Wilshire Blvd, Suite 2080
Los Angeles, CA 90025
T. 310.593.9890; F. 310.593.9980
nate@bnsklaw.com; nona@bnsklaw.com

E. Michelle Drake (*pro hac vice*)
Joseph C. Hashmall (*pro hac vice*)
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
T. 612.594.5999; F. 612.584.4470
emdrake@bm.net; jhashmall@bm.net
*Attorneys for Plaintiffs (Addt'l Counsel on Sig. Page)*

Daniel M. Livingston (SBN 105981)
Benjamin A. Nix (SBN 138258)
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, CA 92614
949.851.1100
dml@paynefears.com; ban@paynefears.com

David W. Tufts (SBN 180817)
DURHAM, JONES & PINEGAR, P.C.
111 So. Main, Suite 2400
Salt Lake City, UT 84111
T. 801.415.3000; dtufts@djplaw.com
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL YOUNG, and DAN DOLAR, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br>v.<br>MOPHIE, INC.,<br>Defendant. | Case No. 8:19-cv-00827-JVS-DFM<br><br>**ORDER ON STIPULATED PROTECTIVE ORDER**<br><br>**[DISCOVERY DOCUMENT REFERRED TO MAGISRATE JUDGE DOUGLAS F. MCCORMICK]**<br><br>Complaint Filed: May 2, 2019 |

IT IS HEREBY STIPULATED by and between Plaintiffs Michael Young and Dan Dolar ("Plaintiffs") and Defendant Mophie, Inc. ("Defendant"), through their respective attorneys of record, as follows:

WHEREAS, documents and information, including Defendant's policies and procedures, as well as information implicating Defendant's confidential and/or proprietary research and development, have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Plaintiffs.

**GOOD CAUSE STATEMENT**

WHEREAS, the litigation involves both parties' confidential information. Specifically, with respect to Plaintiffs, discovery will involve production of documents containing personal financial information, such as credit card statements. And with respect to Defendant, discovery may seek information that pertains to the company's proprietary policies and procedures; confidential research and development; and non-public financial data. Defendant has invested significant resources in developing its products, and disclosure of this information to the public and competitors would compromise that investment. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of potential discovery disputes and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all

- 2 -                    Case No. 8:19-cv-00827-JVS-DFM

STIPULATED PROTECTIVE ORDER

documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential" or "Highly Confidential – Attorneys Eyes Only ('AEO').[1] Such documents include written discovery such as responses to Interrogatories and Requests for Admission.

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" or "Highly Confidential" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Civil Local Rule 79-5. In the event that a party seeks to file under seal a document designated as confidential by the other party, the designating party must comply with the requirements of Civil Local Rule 79-5.2.2(b).

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Highly Confidential -- AEO" hereunder), shall not be used, directly or indirectly, by any person, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this

---

[1] To ensure that non-parties are informed of their ability to designate materials as "Confidential" or "Highly Confidential -- AEO," a copy of this Order shall be served along with any subpoena or other third party discovery in this litigation.

Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; and (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure), (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. Except with the prior consent of the individual or entity designating a document or portions of a document as "Highly Confidential -- AEO," or pursuant to prior Order after notice, any document, transcript or pleading given "Highly Confidential -- AEO" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Highly Confidential -- AEO" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (b) present or former employees of the Producing Party in connection with

their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure), (c) experts specifically retained as consultants or expert witnesses in connection with this litigation, (d) the Court, if filed under seal, (e) court reporters and recorders engaged for depositions in this matter.

7. "Highly Confidential—AEO " is herein defined as information which belongs to or is in the possession of a Designating Party who believes in good faith that the Disclosure of such information to another Party or non-Party would create a risk of financial or other injury and that such risk cannot be avoided by less restrictive means and which also constitutes (1) technical or proprietary information regarding development or operations of Mophie products (including email communications), (2) financial information, (3) pricing information or agreements, including but not limited to vendor agreements, containing pricing or financial information, and/or (4) trade secrets; competitively sensitive business information that may be of value to an actual or potential competitor, customer, or supplier; or highly sensitive information protected by a right to privacy under federal or state law. The Designating Party shall have the right to designate as "Highly Confidential -- AEO" only the non-public Documents, Testimony, or Information as defined above

8. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(d) or (f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

9. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential

- 5 -     Case No. 8:19-cv-00827-JVS-DFM

STIPULATED PROTECTIVE ORDER

documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

11. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document(s), whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. Any party receiving a privileged or work-product protected document shall immediately return such document(s) to the producing party, whether upon discovery or demand by the producing party, and shall delete and destroy all electronic and hard copies of such document(s).

12. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Highly Confidential -- AEO" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

13. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party or deleted/destroyed, and if destroyed, written confirmation of destruction shall be provided to the Producing Party.

14. In the event that any party to this litigation disagrees at any point in these

proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rules 37-1. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Highly Confidential -- AEO" subject to the provisions of this Protective Order. At all times, the burden of demonstrating that a document is Confidential or Highly Confidential -- AEO shall be on the producing party.

15. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

16. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: August 14, 2019

Respectfully submitted,
/s/Joseph C. Hashmall

E. Michelle Drake (*pro hac vice*)
Joseph C. Hashmall (*pro hac vice*)
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
T. 612.594.5999; F. 612.584.4470
emdrake@bm.net; jhashmall@bm.net

BROWN, NERI, SMITH & KHAN LLP
Nathan M. Smith (SBN 255212)
Nona Yegazarian (SB 316458)
11601 Wilshire Blvd, Suite 2080
Los Angeles, CA 90025
T. 310.593.9890; F. 310.593.9980
nate@bnsklaw.com; nona@bnsklaw.com

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | FINKELSTEIN, BLANKINSHIP, |
| 3 | | FREI-PEARSON & GARBER, LLP |
| | | D. Greg Blankinship (*pro hac vice*) |
| 4 | | 445 Hamilton Ave, Suite 605 |
| 5 | | White Plains, NY 10601 |
| | | T. 914.298.3290 |
| 6 | | gblankinship@fbfglaw.com |
| 7 | | |
| | | *Attorneys for Plaintiffs* |
| 8 | | |
| 9 | Date: August 14, 2019 | /s/David W. Tufts |
| | | Daniel M. Livingston (SBN 105981) |
| 10 | | Benjamin A. Nix (SBN 138258) |
| 11 | | PAYNE & FEARS LLP |
| | | 4 Park Plaza, Suite 1100 |
| 12 | | Irvine, CA 92614 |
| 13 | | 949.851.1100 |
| | | dml@paynefears.com |
| 14 | | ban@paynefears.com |
| 15 | | |
| 16 | | David W. Tufts (SBN 180817) |
| | | DURHAM, JONES & PINEGAR, P.C. |
| 17 | | 111 So. Main, Suite 2400 |
| | | Salt Lake City, UT 84111 |
| 18 | | T. 801.415.3000 |
| 19 | | dtufts@djplaw.com |
| 20 | | |
| | | *Attorneys for Defendant* |
| 21 | **IT IS SO ORDERED.** | |
| 22 | | |
| 23 | Dated:    August 15, 2019 | _(signature)_ |
| 24 | | |
| | | Hon. Douglas F. McCormick |
| 25 | | U.S. MAGISTRATE JUDGE |
| 26 | | |
| 27 | | |
| 28 | | |

# EXHIBIT A - DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action. I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 20__ at _____.

_____
QUALIFIED PERSON