UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-827 JVS (DFMx)    Date  October 9, 2019

Title  **Michael Young v. Mophie, Inc.**

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motions to Dismiss and Stay

Defendant Mophie, Inc. ("Mophie") moved to dismiss Plaintiffs Michael Young ("Young") and Dan Dolar's ("Dolar") (together – "Plaintiffs") First Amended Complaint ("FAC"). Mot., Dkt. No. 31. Plaintiffs opposed. Opp'n, Dkt. No. 53. Mophie replied. Reply, Dkt. No. 57.

Mophie also moved to stay discovery prior to the Court's ruling on the motion to dismiss. Dkt. No. 35. Plaintiffs submitted that the motion to stay was moot. Dkt. No. 52.

For the following reasons, the Court **GRANTS IN PART and DENIES IN PART** Mophie's motion to dismiss. The motion to stay discovery is moot in light of the Court's order following the parties' scheduling conference. Dkt. No. 39.

**I. BACKGROUND**

The following facts are alleged in Plaintiffs' FAC.

Mophie manufactures, markets, and distributes for sale to consumers nationwide a number of portable chargers for portable electronic devices (also known as "Power Banks") under the Powerstation and Juice Pack labels (the "Products"). FAC., Dkt. No. 22 ¶ 3. Mophie represents the Products' capacities as measured in milliampere-hours ("mAh") on the products' packaging. Id.

In early 2018, Young, a citizen and resident of Florida, purchased the Juice Pack compatible with his Samsung Galaxy Note8 phone from a Best Buy store. Id. ¶ 10. He

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-827 JVS (DFMx)                                   Date   October 9, 2019

Title   **Michael Young v. Mophie, Inc.**

read and relied upon the rated mAh of power Mophie asserted the charger provided.  Id. ¶ 11.  Upon receiving the charger, Young "was disappointed to find he was forced to recharge his Mophie more often than he expected."  Id. ¶ 12.  Young would consider purchasing the Power Bank again if he could trust that Mophie's representations about its mAh rating were correct going forward.  For example, if the Power Bank was redesigned to make the representations about it correct, or if the Power Banks label and advertising depicted the Power Banks' mAh and it was priced accordingly.  Id. ¶ 13.

      In 2017, Dolar purchased a Juice Pack compatible with his Pixel XL phone.  Id. ¶ 14.  Dolar is a citizen and resident of California.  Id.  Dolar, who is a computer technician, read and relied upon the rated 2,950 mAh of power Mophie asserted the Product provided.  Id. ¶ 15.  Upon receiving the Product, Dolar was disappointed, finding that it did not keep his phone charged for as long as he expected.  Id. ¶ 16.  Dolar has a substantial need for a Power Bank and would consider purchasing the Product again if he could trust that Mophie's representations about its mAh rating were correct going forward.  For example, if the Product was redesigned to make the representations about it correct.  Id. ¶ 17.

      Plaintiffs allege "[t]esting conducted on over a dozen of the Products revealed shortfalls across [Mophie's] product line."  Id. ¶ 23.  Plaintiffs allege that Mophie "knew, at the time it sold the Products to Plaintiffs and the other class members, that the Products' true capacity was substantially less than what [Mophie] had represented."  Id.  And, Mophie "intentionally misrepresented the Products' capacity to Plaintiffs and the other class members to induce them to purchase and pay a premium for the Products."  Id.

      According to Plaintiffs, Mophie's "marketing of the Power Banks' mAh capacity misleadingly fails to account for the fact that the Products are technologically incapable of delivering the full amount of power for which the internal batteries are rated."  Id. ¶ 25.  The chargers "can never deliver the amount of power held by the internal batteries to a consumer's device because, before it can be delivered, its voltage must be converted, resulting in a loss of up to one-quarter of the batteries' theoretical power, and the internal circuitry must be powered."  Id.  Plaintiffs allege that "[b]ecause this power can never be delivered to a consumer's device, it is deceptive to base marketing statements on a theoretical battery capacity that Products are incapable of actually delivering."  Id.

      Plaintiffs purchased Power Banks that Mophie "asserted had a '2950 mAh'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-827 JVS (DFMx) | Date | October 9, 2019 |
| Title | **Michael Young v. Mophie, Inc.** | | |

capacity," but "it was impossible for [their] devices to actually deliver that much power." Id. ¶¶ 26-27.

Mophie is able to sell more of, and charge more for, the Products, than it could if they were labeled accurately. Id. ¶ 5. Mophie was motivated to mislead consumers to take away market share from competing products, thereby increasing its own sales and profits. Id.

Plaintiffs allege that "the most important factor for consumers" in choosing a charger "is its capacity," as measured by mAh. Id. ¶ 21. "The higher the mAh, the greater the ability to recharge [portable electronic devices] before the Power Bank itself must be recharged." Id. Consumers thus have a strong preference for, and pay more for, Power Banks with a higher mAh. Id.

Plaintiffs, individually and on behalf of a class of similarly situated consumers, bring this action against Mophie, seeking redress for its unlawful, unjust, unfair, and deceptive practices in misrepresenting the capacity of the Products in violation of state law. Id. ¶ 6. Plaintiffs characterize the class as:

> All consumers who purchased the Products within the United States. Excluded from the Class is anyone who received a refund, as well as any of Defendant's officers, directors, or employees; officers, directors, or employees of any entity in which Defendant currently has or has had a controlling interest; and Defendant's legal representatives, heirs, successors, and assigns.

Id. ¶ 29. Plaintiffs also bring the action on behalf of a "Multi-State Class" (Id. ¶ 30) and a "California Class." Id. ¶¶ 30-31.

Plaintiff's FAC asserts eight causes of action: (1) unfair and deceptive acts and practices in violation of the California Consumer Legal Remedies Act ("CLRA") (id. ¶¶ 42-52); (2) violations of California's False Advertising Law ("FAL") (id. ¶¶ 53-60); (3) violation of California's Unfair Competition Law ("UCL") (id. ¶¶ 61-72); (4) violation of the Florida Deceptive and Unfair Trade Practices Act (Id. ¶¶ 73-82); (5) violation of materially identical state consumer protection statutes (Id. ¶¶ 83-92); (6) violation of the Magnuson-Moss Warranty Act (id. ¶¶ 93-107); (7) Breach of Express Warranty (id. ¶¶ 108-116); and (8) Unjust Enrichment (id. ¶¶ 117-127.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-827 JVS (DFMx)   Date  October 9, 2019

Title  **Michael Young v. Mophie, Inc.**

Mophie now brings this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot., Dkt. No. 31.

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Rule 12(b)(1)—Subject Matter Jurisdiction

Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). A "jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true. Id.; Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). If instead the challenge disputes the truth of the allegations that would otherwise invoke federal jurisdiction, the challenger has raised a "factual attack," and the court may review evidence beyond the confines of the complaint without assuming the truth of the plaintiff's allegations. Safe Air, 373 F.3d at 1039. The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

### B. Motion to Dismiss Pursuant to Rule 12(b)(6)—Failure to State a Claim

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-827 JVS (DFMx) | Date | October 9, 2019 |
| Title | Michael Young v. Mophie, Inc. | | |

factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

**A.     Mophie's Motion to Stay Discovery**

Mophie's Motion (Dkt. No. 35) is moot in light of the Court's Scheduling Order (Dkt. No. 39), which states that discovery responses are stayed until the Court rules on the instant motion.

**B.     Motion to Dismiss: Subject Matter Jurisdiction**

    **1.     Article III Standing**

Pursuant to Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'" GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008), rev'd on other grounds, 562 U.S. 134 (2011). To have standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180–81 (2000); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Nelson, 530 F.3d at 873. "For an injury to be 'particularized, it must affect the plaintiff in a personal and individual way." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016) (internal quotation marks and citations omitted).

For the first element of standing, injury-in-fact, Mophie argues that Plaintiffs "have suffered no harm whatsoever." Mot. at 7. Mophie argues that the FAC "conflates 'capacity' with 'output' without any tie to real-world harm," and that the capacity of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-827 JVS (DFMx) | Date | October 9, 2019 |
| Title | **Michael Young v. Mophie, Inc.** | | |

2,950 mAh "is immaterial when the devices' estimated outputs in hours is accurate." Id. at 8.

Notably, the cases Mophie cites for its standing arguments regarding injury-in-fact (see generally mot. at 7-10) are from outside the Ninth Circuit. But, "[t]o establish standing to bring a claim under these [the UCL, FAL, and CLRA] . . . plaintiffs meet this requirement if they show that, by relying on a misrepresentation on a product label, they paid more for a product than they otherwise would have paid, or bought it when they otherwise would not have done so." Reid v. Johnson & Johnson, 780 F.3d 952, 958 (9th Cir. 2015) (internal citations and quotation marks omitted).

In their FAC, Plaintiffs allege that they relied on Mophie's representations regarding the rated mAh of power the Power Bank provided and that Mophie is able to "charge more" for the Products based on misrepresentations about the mAh capacity. FAC, Dkt. No. 22 ¶¶ 5, 11-17. These allegations are sufficient to establish injury-in-fact. Accordingly, Plaintiffs meet the requirements for Article III standing.

## 2. Class Action Fairness Act ("CAFA") Jurisdiction

Mophie argues that the FAC does not allege facts sufficient to show that Plaintiffs' class claims meet the $5,000,000 jurisdictional minimum amount in controversy under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and that the class size exceeds 100 members. Mot. At 11.

Mophie suggests that "the complaint is devoid of anything other than the bare legal conclusion that the amount in controversy is at least $5 million," and "Plaintiffs do not even identify a damages model, let alone one that could get them close." Id. at 12. Mophie argues that its "entire combined gross revenue to date on the products at issue (the Juice Pack for the SGN8 and GPXL), is far below $5 million." Id. Mophie also suggests that Plaintiffs fail to allege that the proposed classes are not less than 100 members," and thus, the Court lacks jurisdiction. Id. at 13.

"Generally, the amount in controversy is determined from the face of the pleadings" and "[t]he sum claimed by the plaintiff controls so long as the claim is made in good faith." Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000). It must "appear to a legal certainty" that the amount in controversy cannot be met to justify

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-827 JVS (DFMx)                                        Date   October 9, 2019

Title   **Michael Young v. Mophie, Inc.**

dismissal on that ground. Id. (quoting Budget Rent-A-Car, Inc. v. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir. 1997)).

The Court finds that Plaintiffs have adequately asserted CAFA jurisdiction. Although the FAC does not allege specifically that over 100 people have purchased Mophie's Power Banks, it does state that this Court "has subject-matter jurisdiction over this proposed class action" pursuant to CAFA, which "provides for the original jurisdiction of the federal courts in any class action in which the proposed plaintiff class is comprised of at least 100 members . . ." FAC, Dkt. No. 22 ¶ 8. Plaintiffs plead that the amount in controversy is at least $5 million. Id. Plaintiffs define their nationwide class as "[a]ll consumers who purchased the Products within the United States." Id. ¶ 29.

Mophie disputes the amount in controversy, arguing that "[t]he combined total gross revenue as of May 2019 for both products is approximately $2,996,469." Mot. at 12. But, as Plaintiffs point out, their proposed classes include consumers "who purchased all Power Bank models that Mophie sold; they are not limited to the two models purchased by Plaintiffs." Opp'n at 5.

Mophie has not established with "legal certainty" that the amount in controversy is not met. And, Plaintiffs' proposed classes exceed 100 members. Accordingly, Plaintiffs have established jurisdiction under CAFA.

### 3. Plaintiffs' Standing to Assert Violations of Non-California and Non-Florida Law

Mophie argues that Plaintiffs "lack standing because their allegations do not support a tenable class." Mot. at 13. Therefore, Mophie argues, "[t]he claims asserted under the laws of other states must therefore be dismissed." Id. at 14.

For this proposition, Mophie relies on Mazza v. American Honda Motor Co., 666 F.3d 581, 590-91 (9th Cir. 2012), suggesting that Plaintiffs do not have standing to represent a "Nationwide" or "Multi-State Class" because "their alleged harm is limited to the supposed violations of their respective state laws." Mot. at 14-15.

Plaintiffs assert that California law would govern the "Nationwide Class", and that Mophie is a California corporation with its principal place of business in the state; its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-827 JVS (DFMx) | Date | October 9, 2019 |
| Title | **Michael Young v. Mophie, Inc.** | | |

"decisions regarding the deceptive conduct were presumably made here." Opp'n at 20; FAC ¶ 18.

Courts "have permitted the application of California law where the plaintiffs' claims were based on alleged misrepresentations that were disseminated from California." Ehret v. Uber Technologies, Inc., 68 F. Supp. 3d 1121, 1130 (N.D. Cal. 2014). Accordingly, the Court declines to dismiss the FAC on the basis that Plaintiffs' allegations do not support a "tenable" class, given that Plaintiffs seek to represent a nationwide class asserting violations of California law.

The Court agrees with Mophie's argument that the Court should dismiss Plaintiffs' "Multi-State" class. Mot. at 24; FAC ¶ 30. Plaintiffs cannot rely, wholesale, on the laws of states where they do not reside to support these class allegations.

As Mophie points out in its Reply, this Court recently reasoned that "[i]t is not premature" to determine that material variations in state law "render a nationwide class unworkable" as to the state law claims. DeArmey v. Haw. Isles Kona Coffee Co., No. SACV 19-432, Order Regarding Mot. to Dismiss and Mot. to Strike (Dkt. 38), July 22, 2019 (Selna, J.), at 5. In DeArmey, which both parties cite, this Court explained that "several material jurisdiction-specific differences in the limitation periods, elements, standards of proof, and available remedies" for the plaintiff's state law claims brought on behalf of a nationwide class warranted dismissal of those claims. Id. at 5-6. This Court found that "[t]hese differences implicate the 'strong interest of the various states in applying their own consumer protection laws.'" Id. at 6 (citation omitted). "Consequently, when 'a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal.'" Id.

Because Plaintiffs are the sole class representatives and do not allege that they purchased Mophie's products anywhere other than California and Florida, they do not have standing to bring claims under the laws of other states. See Pardini v. Unilever United States, Inc., 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013) ("Here, there is only one named plaintiff and she has not alleged that she purchased [the product] outside of California. Thus, Plaintiff does not have standing to assert a claim under the consumer protection laws of the other states named in the Complaint. This is a pleading defect amenable to determination prior to a motion for class certification."); Granfield v. NVIDIA Corp., 2012 WL 2847575, at *4 (N.D. Cal. July 11, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-827 JVS (DFMx)     Date  October 9, 2019

Title   **Michael Young v. Mophie, Inc.**

Accordingly, the Court GRANTS Mophie's motion to dismiss Plaintiffs' Multi-State class, as described in paragraph 30 of their FAC.

### 4. Plaintiffs' Standing to Seek Injunctive Relief

Mophie's last standing-related argument is that Plaintiffs do not have standing to seek injunctive relief on behalf of any purported class. Mot. at 15-16. The FAC, according to Mophie, "does not allege a sufficient probability of future harm" to Plaintiffs.

Plaintiffs allege that they "would consider purchasing the Power Bank again if [they] could trust that the Defendant's representations about its mAh rating were correct going forward, such as if the Power Bank were redesigned to make the Defendant's representations about it correct, or if the Power Banks label and advertising depicted the Power Banks' mAh and it was priced accordingly." FAC, Dkt. No. 22 ¶¶ 13, 17. Mophie argues this allegation is too "speculative" for Plaintiffs to obtain injunctive relief. Mot. at 15.

The Court disagrees. Plaintiffs "properly alleged that [they] face[] a threat of imminent or actual harm by not being able to rely on [Mophie's] labels in the future," and "this harm is sufficient to confer standing to seek injunctive relief." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 967 (9th Cir. 2018). "[A] previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." Id. at 969.

### B. Plaintiffs' Claims

#### 1. CLRA, FAL, and UCL Claims

The CLRA forbids "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). Plaintiffs claim that Mophie violated the CLRA "by falsely representing to Plaintiffs and other members of the Class that the Products' capacity is great than it actually is." FAC, Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-827 JVS (DFMx) | Date | October 9, 2019 |
| Title | Michael Young v. Mophie, Inc. | | |

No. 22 ¶ 47.

The FAL prohibits "any statement" that is "untrue or misleading" and made "with [the] intent directly or indirectly to dispose of" property or services. Cal. Bus. & Prof. Code § 17500. To state a claim for an FAL violation, a Plaintiff must allege that "members of the public are likely to be deceived." In re Tobacco II, 46 Cal. 4th 298, 312 (2009) (internal quotation marks and citation omitted). In cases involving false-advertising claims, "plaintiff bears the burden of proving the defendant's advertising claim is false or misleading." Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc., 107 Cal. App. 4th 1336, 1342 (2003). A plaintiff may establish falsity "by testing, scientific literature, or anecdotal evidence." Id. at 1348. Plaintiffs allege that Mophie "falsely advertised the Products by falsely claiming that the Products' capacity is greater than it really is." FAC ¶ 54. Mophie's promotional materials "were intended as inducements to purchase the Products," and Mophie knew or should know that "these representations were misleading and deceptive." Id. ¶ 57.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Profs. Code § 17200. An act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent. Plaintiffs allege that Mophie "violated the UCL's proscription against engaging in unlawful conduct" as a result of its alleged violations of the CLRA and FAL," and the UCL's proscription against fraudulent conduct. FAC ¶¶ 63-64.

The consumer protection statutes under which Plaintiffs state their claims all require plausible allegations that the labeling or advertising at issue is "likely" to deceive a "reasonable consumer." See Williams v. Gerber Prods., 552 F.3d 934, 938 (9th Cir. 2008) (noting that appellant's claims under the UCL, FAL, and CLRA are "governed by the 'reasonable consumer' test"); Consumer Advocates v. Echostar Satellite Corp., 113 Cal. App. 4th 1351, 1360 (2003) (concluding that the "reasonable consumer" standard applies to the CLRA in addition to the UCL and FAL). This standard requires more than a mere possibility that a product "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 508 (2003). Instead, a plaintiff needs to plead there is a probability "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." Id

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-827 JVS (DFMx) | Date | October 9, 2019 |
| Title | **Michael Young v. Mophie, Inc.** | | |

    Generally, the issue of whether a business practice is deceptive is a fact question that cannot properly be resolved on a motion to dismiss. Williams, 552 F.3d at 938. However, in "rare" cases, courts can grant a motion to dismiss based upon a review of the disputed packaging. Id. at 938-39; see, e.g., Manchouck v. Mondelez Int'l. Inc., 2013 WL 5400285, at *3 (N.D. Cal., Sept. 26, 2013) (determining that the defendant's representation that the disputed product was "made with real fruit" was not misleading because the mechanically processed fruit purée used in the product was in fact real fruit); Sugawara v. Pepsico Inc., 2009 WL 1439115, at *3 (E.D. Cal., May 21, 2009) (concluding that no reasonable consumer would be deceived into thinking that "Crunchberries" cereal actually contained real fruit given that the product was identified as sweetened corn and oat cereal, did not depict fruit on the box, and made no representations that the cereal was made with real fruit or nutritious).

    Mophie argues that it "has not made any misrepresentation that would be misleading to a reasonable consumer." Mot. at 17. To support this argument, Mophie includes pictures of what purport to be packaging for the batteries at issue, emphasizing that they include the number of hours of talk time, web browsing, video playback, and music playback. Smith Decl., Dkt. No. 32, Ex. A. Mophie points to the fact that these images state, "in the box," is a "2,950 mAh battery case." Id. Mophie argues this statement "would not be deceptive to a consumer acting reasonably under the circumstances because the reasonable consumer would see that any ambiguity in the capacity of the Juice Pack's battery capacity is clarified by the estimated hours of use that appear prominently on the packaging." Mot. at 17.

    Mophie argues that the Court may take judicial notice of the packaging pursuant to Fed. R. Evid. 201, suggesting that the labels on the battery packages are "not subject to reasonable dispute." Mot. at 3, n.1. But, the parties dispute what the packaging for these batteries actually looks like. Plaintiffs note that when they deposed Taylor Smith, the CFO of ZAGG, Inc., Mophie's parent company, he agreed that the images included in his declaration were "not a photo of the box." Smith Dep. 34:5-20. Instead, the images in Smith's declaration are technical specifications used to order packaging from manufacturers. Id.; Opp'n at 10. Accordingly, the Court declines to take judicial notice of the images included in Mophie's motion. Without undisputed images of the labels, the Court cannot conduct the review of the packaging that would allow this to be the "rare" case when the Court could resolve the issue of whether the packaging is deceptive, at the motion to dismiss stage. See Williams, 552 F.3d at 938.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-827 JVS (DFMx)                    Date   October 9, 2019

Title      **Michael Young v. Mophie, Inc.**

    In any event, Mophie impliedly requests that the Court make inferences in its favor in reading the allegations in the FAC, in regards to what the packaging looked like for the batteries Plaintiffs purchased and what a typical consumer would understand regarding the meaning of "capacity" as it relates to hours of output. See, e.g., mot. at 8 ("A consumer would not understand "capacity" in mAh ratings, and would instead base a purchasing decision on the estimated hourly performance output statements in the product packaging."). This contravenes the governing law on a motion to dismiss. See Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). The Court will construe the pleadings in the light most favorable to the non-moving party.

    Because the packaging is disputed, the Court finds that the "reasonable consumer" standard here raises questions of fact that are not appropriate for resolution at this time. Plaintiffs have alleged that the Power Banks they purchased mislabeled the actual capacity of the devices.[1] FAC ¶¶ 3-5, 25-28. They support this allegation with allegations that testing confirmed the Products' true capacity is less than what Mophie represents. Id. ¶ 23. These allegations are sufficient to state claims under the CLRA, FAL, and UCL's unlawful prong. Accordingly, the Court denies dismissal of these three causes of action.

    **2.    Florida Consumer Protection Claim**

    To state a claim under Florida's Deceptive Unfair Trade Practices Act ("FDUPTA"), a plaintiff must allege (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. A deceptive act or practice is one likely to mislead the consumer acting reasonably under the circumstances, to the consumer's detriment. Deere Constr., LLC v. Cemex Constr. Materials Fla., LLC, 198 F. Supp. 3d 1332, 1337–38 (S.D. Fla. 2016).

---

[1] There is an important distinction to be made between a battery's total energy storage capacity and its rate of discharge or output. The Court relies on Plaintiffs' characterization of mAh as a measure of storage, or capacity, as seen in Plaintiffs' FAC. The Court agrees with Mophie (see Reply at 1-3) that Plaintiffs' Opposition confusingly and repeatedly substitutes the word "output" for "capacity." But, this confusion does not dispose of Plaintiffs' claims, given how Plaintiffs characterize their allegations in the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-827 JVS (DFMx) | Date | October 9, 2019 |
| Title | **Michael Young v. Mophie, Inc.** | | |

In false advertisement cases, a plaintiff must allege "representations and omissions that were likely to mislead a consumer acting reasonably in the circumstances." Gavron v. Weather Shield Mfg., Inc., 819 F. Supp. 2d 1297, 1302 (S.D. Fla. 2011). "[A] plaintiff . . . must simply prove that an objective reasonable person would have been deceived." Fitzpatrick v. Gen. Mills, Inc., 635 F.3d 1279, 1283 (11th Cir. 2011).

For the same reasons stated above, the Court denies dismissal of this claim.

### 3. Warranty Claims

To state a claim for breach of express warranty under California law, a plaintiff must allege "(1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's injury." T&M Solar and Air Conditioning, Inc. v. Lennox Int'l Inc., 83 F. Supp. 3d 855, 875 (N.D. Cal. 2015). An express warranty can be "[a]ny affirmation of fact or promise made by the seller to the buyer which . . . the goods shall conform to . . . ." Cal. Com. Code § 2313(1)(a). Under California law, a plaintiff can allege that a product breaches implied warranty of merchantability in multiple ways. See Cal. Com. Code § 2314. For instance, a product is not merchantable if it does not "conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f). Therefore, if a product does not conform to any promises or affirmations made by the seller on the container or label, a plaintiff can state claims for breach of both express and implied warranties. Florida Law regarding express warranties is similar. See Fla. Stat. Ann. §§ 672.313(a) and (b).

The Magnuson-Moss Warranty Act ("MMWA") authorizes consumers to enforce the terms of express or implied warranties. 15 U.S.C. §§ 2301, *et seq*. Because Magnuson-Moss applies state warranty law, a plaintiff bringing a claim under Magnuson-Moss must adequately plead a warranty claim under state law. Daugherty, 144 Cal. App. 4th at 832-33. "Magnuson-Moss 'calls for the application of state written and implied warranty law, not the creation of additional federal law,' except in specific instances in which it expressly prescribes a regulating rule." Id. at 833 (quoting Walsh v. Ford Motor Co., 807 F.2d 1000, 1012 (D.C. Cir. 1986)).

In the FAC, Plaintiffs allege that Mophie made affirmations of fact ("2950 mAh") regarding the Power Banks (id. ¶¶ 22, 25-27; 109); Plaintiffs purchased the Power Banks after reading and relying on Mophie's misrepresentations regarding the Power Banks'

Case 8:19-cv-00827-JVS-DFM   Document 59   Filed 10/09/19   Page 14 of 15   Page ID #:535

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-827 JVS (DFMx)                                    Date  October 9, 2019

Title     **Michael Young v. Mophie, Inc.**

capacities (id. ¶¶ 10-17, 26-27; 110-111); Mophie breached its express warranties by selling Power Banks which did not have the ability to deliver the stated capacity (id. ¶¶ 23-25; 112-113); and that Plaintiffs were damaged as a result (id. ¶¶ 12-13;16-17; 114-115).

Mophie argues that Plaintiffs have failed "to identify the exact terms of the purported warranty" and that Plaintiffs' "subjective expectations cannot form the basis for liability, where Plaintiffs fail to identify the basis for their expectations." Mot. at 22. Mophie argues that the 2,950 mAh capacity is a product "specification," not an express warranty. Id. But, the case Mophie relies on for its specification argument is distinguishable: in Baltazar v. Apple, Inc., 2011 WL 588209 at *2 (N.D. Cal. Feb. 10, 2011), the Court reasoned that Plaintiffs had not identified "the particular commercial or advertisement on which they relied."

The Court finds that Plaintiffs' allegations are sufficient to state a claim for breach of express warranty under state law.

The allegations are also sufficient to state a claim under the MMWA. Although Mophie is correct that there is a split regarding MMWA jurisdiction as it relates to CAFA jurisdiction (mot. at 20-21, reply at 22), a number of courts within the Ninth Circuit have held that because the Court has jurisdiction under CAFA, Plaintiffs are not required to meet the MMWA's jurisdictional requirements. See, e.g., Cadena v. Am. Honda Motor Co., 2019 WL 3059931 (C.D. Cal. May 29, 2019). And, the Court disagrees with Mophie's contention that the description that the Products have a capacity of 2,950 mAh is not a "written affirmation of fact or written promise." Mot. at 21. Plaintiffs allege that "[e]verywhere the Power Banks are sold, at the point of sale on the Power Banks' packaging and labeling, Defendant prominently represents the Power Banks' capacity as measured in mAh." FAC ¶ 22.

### 4.     Unjust Enrichment

Mophie alleges that Plaintiffs "fail to allege which state law applies," which requires dismissal of the claim. Mot. at 22. Further, Mophie argues that Plaintiffs "do not allege that they purchased the products directly from Mophie," and so they have "failed to plead that they conferred a benefit directly" on Mophie. Id. at 23. And, Mophie argues that Plaintiffs' claim should be dismissed "because they have an adequate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-827 JVS (DFMx) | Date | October 9, 2019 |
|---|---|---|---|
| Title | Michael Young v. Mophie, Inc. | | |

remedy at law." Id.

Plaintiffs' unjust enrichment claim does not fail because it may be duplicative of their statutory claims. Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015) (upholding plaintiff's unjust enrichment consumer claim as distinct from unfair competition, false advertising, and fraud claims).

Plaintiffs plead that they conferred a benefit on Mophie, at their expense, that Mophie accepted the benefit, and that it would be unjust for Mophie to retain that benefit. FAC at ¶¶ 117-126. The two cases they cite (see Opposition at 29-30) establish that the fact they purchased the Power Banks from third-party retailers does not bar their claims. Based on these allegations, Plaintiffs adequately state a claim under a quasi-contract, restitution-based theory.

Accordingly, the Court denies dismissal of the unjust enrichment cause of action.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** the motion to dismiss.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |