UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-827 JVS (DFMx) | Date | January 7, 2020 |
|---|---|---|---|

| Title | **Michael Young v. Mophie, Inc.** |
|---|---|

| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |
|---|---|

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Bifurcate Discovery**

Pursuant to Federal Rules of Civil Procedure 1, 23 and 42(b), Defendant Mophie, Inc. ("Mophie") moved to bifurcate discovery. Mot., Dkt. Nos. 64, 65. Plaintiffs Michael Young ("Young") and Dan Dolar's ("Dolar") (together – "Plaintiffs") opposed. Opp'n, Dkt. No. 66. Mophie replied. Reply, Dkt. No. 67.

For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND

The following facts are alleged in Plaintiffs' First Amended Complaint ("FAC") which they filed on June 13, 2019. Dkt. No. 22. Mophie manufactures, markets, and distributes for sale to consumers nationwide a number of portable chargers for portable electronic devices (also known as "Power Banks") under the Powerstation and Juice Pack labels (the "Products"). Id. ¶ 3. Mophie represents the Products' capacities as measured in milliampere-hours ("mAh") on the products' packaging. Id.

In early 2018, Young, a citizen and resident of Florida, purchased the Juice Pack compatible with his Samsung Galaxy Note8 phone from a Best Buy store. Id. ¶ 10. He read and relied upon the rated mAh of power Mophie asserted the charger provided. Id. ¶ 11. Upon receiving the charger, Young "was disappointed to find he was forced to recharge his Mophie more often than he expected." Id. ¶ 12. Young would consider purchasing the Power Bank again if he could trust that Mophie's representations about its mAh rating were correct going forward. For example, if the Power Bank was redesigned to make the representations about it correct, or if the Power Banks label and advertising depicted the Power Banks' mAh and it was priced accordingly. Id. ¶ 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-827 JVS (DFMx)      Date  January 7, 2020

Title    **Michael Young v. Mophie, Inc.**

In 2017, Dolar purchased a Juice Pack compatible with his Pixel XL phone. Id. ¶ 14. Dolar is a citizen and resident of California. Id. Dolar, who is a computer technician, read and relied upon the rated 2,950 mAh of power Mophie asserted the Product provided. Id. ¶ 15. Upon receiving the Product, Dolar was disappointed, finding that it did not keep his phone charged for as long as he expected. Id. ¶ 16. Dolar has a substantial need for a Power Bank and would consider purchasing the Product again if he could trust that Mophie's representations about its mAh rating were correct going forward. For example, if the Product was redesigned to make the representations about it correct. Id. ¶ 17.

Plaintiffs allege "[t]esting conducted on over a dozen of the Products revealed shortfalls across [Mophie's] product line." Id. ¶ 23. Plaintiffs allege that Mophie "knew, at the time it sold the Products to Plaintiffs and the other class members, that the Products' true capacity was substantially less than what [Mophie] had represented." Id. And, Mophie "intentionally misrepresented the Products' capacity to Plaintiffs and the other class members to induce them to purchase and pay a premium for the Products." Id.

According to Plaintiffs, Mophie's "marketing of the Power Banks' mAh capacity misleadingly fails to account for the fact that the Products are technologically incapable of delivering the full amount of power for which the internal batteries are rated." Id. ¶ 25. The chargers "can never deliver the amount of power held by the internal batteries to a consumer's device because, before it can be delivered, its voltage must be converted, resulting in a loss of up to one-quarter of the batteries' theoretical power, and the internal circuitry must be powered." Id. Plaintiffs allege that "[b]ecause this power can never be delivered to a consumer's device, it is deceptive to base marketing statements on a theoretical battery capacity that Products are incapable of actually delivering." Id.

Plaintiffs purchased Power Banks that Mophie "asserted had a '2950 mAh' capacity," but "it was impossible for [their] devices to actually deliver that much power." Id. ¶¶ 26-27. Mophie is able to sell more of, and charge more for, the Products, than it could if they were labeled accurately. Id. ¶ 5. Mophie was motivated to mislead consumers to take away market share from competing products, thereby increasing its own sales and profits. Id.

Plaintiffs allege that "the most important factor for consumers" in choosing a charger "is its capacity," as measured by mAh. Id. ¶ 21. "The higher the mAh, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-827 JVS (DFMx)            Date   January 7, 2020

Title   **Michael Young v. Mophie, Inc.**

greater the ability to recharge [portable electronic devices] before the Power Bank itself must be recharged." Id. Consumers thus have a strong preference for, and pay more for, Power Banks with a higher mAh. Id.

Plaintiffs, individually and on behalf of a class of similarly situated consumers, bring this action against Mophie, seeking redress for its unlawful, unjust, unfair, and deceptive practices in misrepresenting the capacity of the Products in violation of state law. Id. ¶ 6. Plaintiffs characterize "Nationwide Class" as:

> All consumers who purchased the Products within the United States. Excluded from the Class is anyone who received a refund, as well as any of Defendant's officers, directors, or employees; officers, directors, or employees of any entity in which Defendant currently has or has had a controlling interest; and Defendant's legal representatives, heirs, successors, and assigns.

Id. ¶ 29. Plaintiffs also bring the action on behalf of a "California Class" and a "Florida Class." Id. ¶¶ 31-32.

Plaintiff's FAC asserts eight causes of action: (1) unfair and deceptive acts and practices in violation of the California Consumer Legal Remedies Act ("CLRA") (id. ¶¶ 42-52); (2) violations of California's False Advertising Law ("FAL") (id. ¶¶ 53-60); (3) violation of California's Unfair Competition Law ("UCL") (id. ¶¶ 61-72); (4) violation of the Florida Deceptive and Unfair Trade Practices Act (Id. ¶¶ 73-82); (5) violation of materially identical state consumer protection statutes (Id. ¶¶ 83-92); (6) violation of the Magnuson-Moss Warranty Act (id. ¶¶ 93-107); (7) Breach of Express Warranty (id. ¶¶ 108-116); and (8) Unjust Enrichment (id. ¶¶ 117-127.)

Mophie moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot., Dkt. No. 31. The Court granted in part and denied in part the motion on October 9, 2019. Order, Dkt. No. 59. Mophie answered the FAC on October 23, 2019. Dkt. No. 61.

## II. Legal Standard

Federal Rule 42(b) gives the Court broad discretion to bifurcate proceedings "[f]or convenience or to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-827 JVS (DFMx) | Date | January 7, 2020 |
| Title | **Michael Young v. Mophie, Inc.** | | |

Under Rule 42(b), courts have "power to limit discovery to the segregated issues . . . One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." Ellingson Timber Co. v. Great N. Ry. Co., 424 F.2d 497, 499 (9th Cir. 1970). See also Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"); Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc., 200 F.3d 795, 803–04 (Fed. Cir. 1999) ("A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation.").

"Among the matters the court may consider in deciding whether to bifurcate are: (1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at an early practicable time, (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." True Health Chiropractic Inc v. McKesson Corp., 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015) (international quotation marks and citation omitted).

### III. DISCUSSION

Mophie "proposes that discovery focus first on the specific issues related to Plaintiffs' personal claims and the two Mophie Juice Packs Plaintiffs allege they purchased," because "[t]his discovery will be far narrower and focused . . ." and result in significant cost savings. Mot at 9. Then, "[t]he case should proceed to class discovery and the associated expense incurred only if Plaintiffs' individual claims survive summary judgment in part or in full . . ." Id. Mophie's motion includes the following proposed schedule:

Phase I Fact Discovery Cut-Off (individual claims): February 14, 2020
Summary Judgment: February 28, 2020
Phase II Fact Discovery Cut-Off (putative class claims): July 31, 2020[1]
Expert Discovery Cut-Off: August 28, 2020
Class Certification Motion Deadline: September 11, 2020

---

[1] Plaintiffs specifically object to this deadline. See Opp'n at 8-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-827 JVS (DFMx) | Date | January 7, 2020 |
| Title | **Michael Young v. Mophie, Inc.** | | |

Hearing on Class Certification: October 26, 2020
Law and Motion Cut-Off: February 8, 2021.

Id. at 10.

    Plaintiffs argue that the individual issues Mophie has identified overlap with issues relevant to class certification and discovery. Opp'n at 4-6. Further, Plaintiffs contend that Mophie's proposed schedule is inefficient and unfair, because Plaintiffs would be "stymied from conducting discovery and bringing their own dispositive motions," and because the schedule would give Mophie "multiple bites at the apple, multiplying the Court's workload in the process . . ." Id. at 7. Plaintiffs further suggest that Mophie has not established any burdens associated with the status quo. Id. at 8.[2] Finally, Plaintiffs argue that the proposed schedule is unworkable and unfair because the suggested amount of time between a hearing on summary judgment (April 2020) and closure of class discovery (July 31, 2020) is too short. Id. at 8-9.

    Mophie has identified burdens associated with class discovery that will consume significant resources. Mot. at 8-9. Further, Mophie persuasively argues that resources can be saved by resolving the individual claims at the outset. Id. at 6-8.

    The Court has weighed the potential convenience to the parties, impact on judicial economy, and potential prejudice to Plaintiffs and finds that Mophie has met its burden to demonstrate that bifurcation of discovery is appropriate. Phased discovery may prevent the parties from engaging in broad and possibly wasteful efforts. Proceeding immediately on all classwide issues would subject the parties to highly extensive discovery that may ultimately be unnecessary if Mophie prevails on dispositive motions regarding Plaintiffs' individual claims. See Deleon v. Time Warner Cable LLC, 2019 WL 10674767, at *2 (C.D. Cal. Nov. 2, 2009) (explaining that,"[w]ith bifurcation, if Plaintiff's claims fail completely, resources that would've been expended on class discovery will be saved," and that "[i]f Plaintiff's claims fail in part, the scope of discovery will be narrowed and resources will be saved.").

    However, the Court agrees with Plaintiffs that the proposed deadline of July 31,

---

    [2] The Court disagrees with this argument, as Mophie specifically outlines the costs of gathering data that may be relevant to the putative class claims. Mot. at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-827 JVS (DFMx)                              Date  January 7, 2020

Title  **Michael Young v. Mophie, Inc.**

2020 for the second phase of fact discovery is too soon after the proposed hearing on summary judgment. At the hearing on this motion, the parties agreed that they would meet and confer on a revised schedule and submit it to the Court.

Further, any summary judgment motion regarding damages, with respect to the individual plaintiffs, will be limited to damages in fact, namely, Article III standing issues. Finally, the Court agrees that the individual plaintiffs should only be deposed one time, absent good cause, and expects that those depositions will cover any issues necessary and relevant to class certification.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion.

**IT IS SO ORDERED.**

:  0

Initials of Preparer    lmb