UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-827 JVS (DFMx)                    Date  November 5, 2020

Title  Michael Young et al. v. Mophie, Inc.

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Approval of Class Settlement**

    Plaintiffs Michael Young ("Young") and Dan Dolar ("Dolar") (collectively – "Plaintiffs"), on their own behalf and on behalf of the putative class, filed a motion for approval of a proposed class action settlement ("Settlement") with Defendant Mophie, Inc. ("Mophie"), an award of attorney's fees and expenses, and service awards for Young and Dolar. Mot., ECF No. 93. Following review of the Court's tentative decision, Plaintiffs submitted a memorandum in support of their motion. Memo, ECF No. 94. The Court held a hearing on November 5, 2020, as required by Rule 23.

    For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

    *A.  Allegations and Procedural History*

    Mophie manufactures, markets, and distributes for sale to consumers nationwide a number of portable chargers for portable electronic devices (also known as "Power Banks") under the Powerstation and Juice Pack labels (the "Products"). FAC, ECF No. 22 ¶ 3. Mophie represents the Products' capacities as measured in milliampere-hours ("mAh") on the products' packaging. Id.

    In early 2018, Young, a citizen and resident of Florida, purchased the Juice Pack compatible with his Samsung Galaxy Note8 phone from a Best Buy store. Id. ¶ 10. He read and relied upon the rated mAh of power Mophie asserted the charger provided. Id. ¶ 11. Upon receiving the charger, Young "was disappointed to find he was forced to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-827 JVS (DFMx)                    Date  November 5, 2020

Title  Michael Young et al. v. Mophie, Inc.

recharge his Mophie more often than he expected." Id. ¶ 12. Young would consider purchasing the Power Bank again if he could trust that Mophie's representations about its mAh rating were correct going forward. For example, if the Power Bank was redesigned to make the representations about it correct, or if the Power Banks label and advertising depicted the Power Banks' mAh and it was priced accordingly. Id. ¶ 13.

In 2017, Dolar purchased a Juice Pack compatible with his Pixel XL phone. Id. ¶ 14. Dolar is a citizen and resident of California. Id. Dolar, who is a computer technician, read and relied upon the rated 2,950 mAh of power Mophie asserted the Product provided. Id. ¶ 15. Upon receiving the Product, Dolar was disappointed, finding that it did not keep his phone charged for as long as he expected. Id. ¶ 16. Dolar has a substantial need for a Power Bank and would consider purchasing the Product again if he could trust that Mophie's representations about its mAh rating were correct going forward. Id. ¶ 17.

Plaintiffs allege "[t]esting conducted on over a dozen of the Products revealed shortfalls across [Mophie's] product line." Id. ¶ 23. Plaintiffs allege that Mophie "knew, at the time it sold the Products to Plaintiffs and the other class members, that the Products' true capacity was substantially less than what [Mophie] had represented." Id. And, Mophie "intentionally misrepresented the Products' capacity to Plaintiffs and the other class members to induce them to purchase and pay a premium for the Products." Id.

According to Plaintiffs, Mophie's "marketing of the Power Banks' mAh capacity misleadingly fails to account for the fact that the Products are technologically incapable of delivering the full amount of power for which the internal batteries are rated." Id. ¶ 25. The chargers "can never deliver the amount of power held by the internal batteries to a consumer's device because, before it can be delivered, its voltage must be converted, resulting in a loss of up to one-quarter of the batteries' theoretical power, and the internal circuitry must be powered." Id. Plaintiffs allege that "[b]ecause this power can never be delivered to a consumer's device, it is deceptive to base marketing statements on a theoretical battery capacity that Products are incapable of actually delivering." Id.

Plaintiffs allege that "the most important factor for consumers" in choosing a charger "is its capacity," as measured by mAh. Id. ¶ 21. "The higher the mAh, the greater the ability to recharge [portable electronic devices] before the Power Bank itself must be recharged." Id. Consumers thus have a strong preference for, and pay more for, Power

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 19-827 JVS (DFMx)     Date November 5, 2020

Title     Michael Young et al. v. Mophie, Inc.

Banks with a higher mAh. Id.

Plaintiffs, bring this action against Mophie individually and on behalf of a class of similarly situated consumers. Id. ¶ 6. Plaintiffs characterize the class as:

> All consumers who purchased the Products within the United States. Excluded from the Class is anyone who received a refund, as well as any of Defendant's officers, directors, or employees; officers, directors, or employees of any entity in which Defendant currently has or has had a controlling interest; and Defendant's legal representatives, heirs, successors, and assigns.

Id. ¶ 29. Plaintiffs also bring the action on behalf of a "California Class." Id. ¶ 31.

Plaintiffs assert seven causes of action: (1) unfair and deceptive acts and practices in violation of the California Consumer Legal Remedies Act ("CLRA"), id. ¶¶ 42-52; (2) violations of California's False Advertising Law ("FAL"), id. ¶¶ 53-60; (3) violation of California's Unfair Competition Law ("UCL"), id. ¶¶ 61-72; (4) violation of the Florida Deceptive and Unfair Trade Practices Act, Id. ¶¶ 73-82; (5) violation of the Magnuson-Moss Warranty Act, id. ¶¶ 93-107; (6) Breach of Express Warranty, id. ¶¶ 108-116; and (7) Unjust Enrichment, id. ¶¶ 117-127. They seek monetary damages, injunctive relief, and declaratory relief. Id. at 20.

       *B.*     *Summary of the Settlement*

Following a mediation before Judge Thierry Colaw on May 14, 2020, the parties entered into the following settlement agreement, for which they seek Court approval. Blankinship Declaration, Declaration, ECF No. 90-2, ex. A (the "Settlement Agreement"). Following review of the Court's tentative ruling in this motion, the parties agreed to a further amendment of the class settlement. Amendment, ECF No. 94-1.

       *1.*     *The Settlement Class*

The Settlement Class consists of "all purchasers of Mophie juice packs and powerstations in the United States." Settlement Agreement at § 1.a.ii.

       *2.*     *Settlement Amount and Injunctive Relief*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-827 JVS (DFMx)                           Date  November 5, 2020

Title  Michael Young et al. v. Mophie, Inc.

    Mophie agrees that for products that Mophie makes from manufacturers starting from 90 days following final approval of the settlement "where Mophie includes the mAh rating on its package, where the rating is determined based on the capacity of the internal battery, Mophie agrees to use the following or substantially similar language: 'contains a XXXX mAh internal battery.'" Id. § 2.a; Amendment. Mophie further agrees that when it "references the mAh rating on its website for a product where the rating is determined based on the capacity of the internal battery, not later than 90 days after the date of final approval of this settlement . . . , Mophie will include the following or substantially similar language on the website for that product: 'contains a XXXX mAh internal battery.'" Settlement Agreement § 2.d; Amendment.

    *3.    Attorneys' Fees, Costs, and Service Awards*

    Mophie will pay up to $335,000 to cover $5,000 service awards to both Young and Dolar, attorneys' fees, costs, and expenses incurred in connection with the dispute, subject to Court approval. Settlement Agreement § 7. Mophie agreed not to oppose in anyway Plaintiffs' request for attorneys' fees, costs, and service awards. Id.

    *4.    Release*

    Upon final approval of the settlement, the Settlement Class agrees to release Mophie from all injunctive claims raised and injunctive relief sought in this lawsuit. Id. § 5. The release explicitly does not extend to any claims or potential claims for monetary damages. Id.

## II. LEGAL STANDARD

    Federal Rule of Civil Procedure Rule 23(e) states that "[t]he claims . . . of a certified class—or a class proposed to be certified for purposes of settlement—may be settled . . . or compromised only with the court's approval." "[W]here class certification and class settlement are sought at the same time, courts 'must pay undiluted, even heightened, attention to class certification requirements.'" In re Logitech, Inc., 784 Fed. Appx. 514, 516 (9th Cir. 2019) (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998)). "The parties must provide the court with information sufficient to enable it to determine whether to give notice of the propos[ed] [settlement] to the class." Fed. R. Civ. P. 23(e)(1)(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-827 JVS (DFMx)  Date  November 5, 2020

Title  Michael Young et al. v. Mophie, Inc.

### III. DISCUSSION

*A.  Preliminary Certification of the Proposed Settlement Class*

" First, Rule 23 explicitly contemplates the simultaneous certification of a class and settlement, albeit with permissive and not mandatory language: 'The claims, issues or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled ... only with the court's approval.'" In re Logitech, 784 Fed. Appx. at 516 (emphasis in original) (quoting Fed. R. Civ. P. 23(e)). For purposes of this Settlement Agreement, the Parties stipulate to class certification. Settlement Agreement at § 1.a.i. The Court examines each requirement to determine whether the Class can be certified for purposes of the Settlement Agreement.

A motion for class certification involves a two-part analysis. First, the plaintiffs must demonstrate that the proposed class satisfies the requirements of Rule 23(a): (1) the members of the proposed class must be so numerous that joinder of all claims would be impracticable; (2) there must be questions of law and fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of absent class members; and (4) the representative parties must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). The plaintiffs may not rest on mere allegations, but must provide facts to satisfy these requirements. Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1309 (9th Cir. 1977) (citing Gillibeau v. Richmond, 417 F.2d 426, 432 (9th Cir. 1969)).

Second, the plaintiffs must meet the requirements for at least one of the three subsections of Rule 23(b). Under Rule 23(b)(1), a class may be maintained if there is either a risk of prejudice from separate actions establishing incompatible standards of conduct or judgments in individual lawsuits would adversely affect the rights of other members of the class. Under Rule 23(b)(2), a plaintiff may maintain a class where the defendant has acted in a manner applicable to the entire class, making injunctive or declaratory relief appropriate.  Finally, under Rule 23(b)(3), a class may be maintained if "questions of law or fact common to class members predominate over any questions affecting only individual members," and if "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-827 JVS (DFMx)   Date  November 5, 2020

Title  Michael Young et al. v. Mophie, Inc.

*1.    Requirements Under Rule 23(a)*

*a.    Numerosity*

Under Rule 23(a)(1), a class must be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). Because this requirement is not tied to a fixed numerical threshold, a court needs to examine the specific facts of each case. Rannis v. Recchia, 380 Fed. App'x 646, 651 (9th Cir. 2010). Typically, courts have found that the numerosity requirement is satisfied when the proposed class includes at least forty members. Id. Here, Mophie has sold Power Banks to thousands of consumers who are members of the class. Blankinship Decl. ¶ 9. Accordingly, Rule 23(a)(1)'s numerosity element is easily satisfied, and the Court finds that joinder of individual members is impracticable.

*b.    Commonality*

Rule 23(a)(2) requires that there are common questions of law or fact. Fed. R. Civ. P. 23(a)(2). However, to satisfy this rule, all questions of fact and law do not need to be common. Hanlon, 150 F.3d at 1019. For instance, a class meets the commonality requirement if members share the same legal issues but have different factual foundations. Id. In addition, commonality is satisfied if members of the class share a common core of facts despite having different legal remedies. Id.

The claims of all class members depend upon the common contention that Mophie made the false or misleading statement that the Power Banks have a specific mAh rating when they actually produce an mAh that is lower. Mot. at 7-8. Class members' claims are based upon the same conduct by Defendants and therefore share a common core of facts. Id. Thus, the Court finds that sufficient commonality has been established.

*c.    Typicality*

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). Rule 23(a)(3) has a permissive standard: the representative claims are typical if they are reasonably comparable to the claims of the absent class members; substantial identicalness between

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 19-827 JVS (DFMx)     Date November 5, 2020

Title     Michael Young et al. v. Mophie, Inc.

the claims is not required. Hanlon, 150 F.3d at 1020. The test for typicality is (1) whether other members have a similar injury, (2) whether the action is based on conduct that is not unique to the named plaintiffs, and (3) whether the same course of conduct has injured other class members. Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992).

      Plaintiffs' claims arise out of the same course of conduct that gives rise to the claims of all class members; namely, they were exposed to the false or misleading statements that their Power Banks had a specific mAh rating that was higher than the mAh the Power Banks could actually produce. Mot. at 9; FAC ¶¶ 26-27. There is no allegation that the Plaintiffs have any unique defenses. This is sufficient for the Court to find that the Plaintiffs are typical of the class members. Accord Kumar v. Salov North America Corp., 2017 WL 2902898, at *6 (N.D. Cal. July 7, 2017) ("[Plaintiffs] and other consumers around the country were all exposed to the same product and the same alleged misrepresentations, making [them] typical of class members nationwide.").

      *d.*     *Adequacy*

      Rule 23(a)(4) requires that the representative party "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This requirement is grounded in constitutional due process concerns: 'absent class members must be afforded adequate representation before entry of a judgment which binds them.'" Evans v. IAC/Interactive Corp., 244 F.R.D. 568, 577 (C.D. Cal. 2007) (quoting Hanlon, 150 F.3d at 1020). Representation is adequate if (1) the named plaintiffs and their counsel are able to prosecute the action vigorously and (2) the named plaintiffs do not have conflicting interests with the unnamed class members; and (3) the attorney representing the class is qualified and competent. Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978).

      Plaintiffs' counsel prosecuted the case vigorously and successfully opposed a motion to dismiss filed by Mophie. Order, ECF No. 59. The parties have "engaged in substantial discovery, serving and responding to interrogatories, requests for production, requests for admission, and also litigated a motion to dismiss." Blankenship Decl. ¶ 4. Plaintiffs deposed Mophie's Chief Financial Officer Taylor Smith. Id. ¶ 5. Plaintiffs have also reviewed "thousands of pages of documents and substantial data" produced by Mophie. Id. ¶ 6. Plaintiffs have no conflicts with the proposed class, and their claims are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 19-827 JVS (DFMx)     Date November 5, 2020

Title    Michael Young et al. v. Mophie, Inc.

identical to the claims of other class members and arise from the same conduct. Plaintiffs are also represented by counsel who have extensive experience with complex class actions nationwide. See id. ¶ 14; Drake Decl., ECF No. 90-4, ¶ 10; Smith Decl., ECF No. 90-3, ¶¶ 3-4. The Court thus finds that adequacy has been established for purposes of preliminary approval and that the proposed class meets the requirements of Rule 23(a).

        2.      *Requirements of Rule 23(b)(2)*

Plaintiffs seek certification of a settlement class under Rule 23(b)(2). Settlement Order, § 1.a.i. Pursuant to Rule 23(b)(2), a class action is proper where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." As the Ninth Circuit has stated, "'it is sufficient' to meet the requirements of Rule 23(b)(2) that 'class members complain of a pattern or practice that is generally applicable to the class as a whole.'" Rodriguez v. Hayes, 591 F.3d 1105, 1125 (9th Cir. 2010) (quoting Walters v. Reno,145 F.3d 1032, 1047 (9th Cir. 1998)). "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." Wal-Mart Stores Inc. v. Dukes, 564 U.S. 338, 360 (2011).

The proposed settlement class meets the requirements of Rule 23(b)(2). As stated previously, Mophie is alleged to have made consistently false or misleading statements that the Power Banks have a specific mAh rating when they actually produce an mAh that is lower. The proposed settlement would require that when Mophie advertises its Power Banks it must use specific language that clarifies that the mAh listed only reflects the capacity of the Power Banks' batteries. See supra Section I.B.2. A single injunction therefore provides relief to each member of the class and remedies the allegedly misleading statements. See Ang v. Bimbo Bakeries USA, Inc., 2018 WL 4181896, at *12 (granting class certification under Rule 23(b)(2) where plaintiffs sought injunctive relief to end defendant's alleged mislabeling). This is sufficient for certification under Rule 23(b)(2).

The Court therefore **GRANTS** approval to the proposed class for purposes of settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 19-827 JVS (DFMx) Date November 5, 2020

Title Michael Young et al. v. Mophie, Inc.

    B.    *Notice Requirements Under Rule 23(c)*

The Court next considers whether the Settlement Agreement would provide sufficient notice as required under Rule 23(c). Under Rule 23(c)(2)(A) for "any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." Thus, Rule 23 "provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action." Dukes, 564 U.S. at 362. "In injunctive relief only class actions certified under Rule 23(b)(2), federal courts across the country have uniformly held that notice is not required." Stathakos v. Columbia Sportswear Co., 2018 WL 582564, at *3 (N.D. Cal. Jan. 25, 2018) (collecting cases). As this Court has granted certification to a 23(b)(2) class, the Court concludes that notice is not required. Rule 23(c) therefore does not provide a barrier to approval of the class settlement.

    C.    *Preliminary Approval of the Proposed Class Settlement*

Under Rule 23(e)(2) if the proposed settlement would bind class members, the Court may approve it only after a hearing and only on finding that it is fair, reasonable and adequate. To make this determination, the Court must consider the following factors:

(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
    (i) the costs, risks, and delay of trial and appeal;
    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
    (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
    (iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Before the revisions to the Federal Rule of Civil Procedure 23(e), the Ninth Circuit had developed its own list of factors to be considered. See e.g., In re Bluetooth Headset

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-827 JVS (DFMx)   Date  November 5, 2020

Title  Michael Young et al. v. Mophie, Inc.

Products Liability Litigation, 654 F.3d 935, 964 (9th Cir. 2011) (citing Churchill Village, L.L.C. v. General Electric, 361 F.3d 566, 575 (9th Cir. 2004)). The revised Rule 23 "directs the parties to present [their] settlement to the court in terms of [this new] shorter list of core concerns[.]" Fed. R. Civ. P. 23(e)(2), 2018 Advisory Committee Notes. "The goal of [amended Rule 23(e)] is . . . to focus the [district] court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Id.

> 1. *Adequacy of Representation by Class Representatives and Class Counsel*

Under Rule 23(e)(2)(A), the first factor to be considered is whether the class representatives and class counsel have adequately represented the class. This analysis includes "the nature and amount of discovery" undertaken in the litigation. Fed. R. Civ. P. 23(e)(2)(A), 2018 Advisory Committee Notes.

As noted in the class certification analysis, the Court concludes that the class representatives and class counsel have adequately represented the class. See supra Section III.A.4. The class representatives have claims that are typical of the class and do not have unique defenses. Further, the class counsel have adequately prosecuted this case and engaged in a notable amount of discovery. This factor therefore weighs in favor of approval.

> 2. *Negotiated at Arm's Length*

The second Rule 23(e)(2) factor asks the Court to confirm that the proposed settlement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(B). As with the preceding factor, this can be "described as [a] 'procedural' concern[], looking to the conduct of the litigation and of the negotiations leading up to the proposed settlement." Fed. R. Civ. P. 23(e)(2), 2018 Advisory Committee Notes. "[T]he involvement of a neutral or court-affiliated mediator or facilitator in [settlement] negotiations may bear on whether th[ose] [negotiations] were conducted in a manner that would protect and further the class interests." Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes; accord Pederson v. Airport Terminal Servs., 2018 WL 2138457, at *7 (C.D. Cal. April 5, 2018) (the oversight "of an experienced mediator" reflected noncollusive negotiations).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-827 JVS (DFMx)  Date  November 5, 2020

Title  Michael Young et al. v. Mophie, Inc.

The Court does not find there to be any indication of collusion between the Parties. The Parties had previously litigated a motion to dismiss and served and responded to interrogatories and requests for production. See Mot. at 18. The parties also participated in a mediation before Judge Theirry Colaw, an experienced mediator. Blankinship Decl. ¶ 7; Mot. at 14. After the mediation, the parties reached the proposed settlement. Blankinship Decl. ¶ 7. As such, the Court is confident in the arm's length process the Parties undertook, and that the Settlement Agreement is not the production of collusion.

        *3.      Adequacy of Relief Provided for the Class*

The third factor the Court considers is whether "the relief provided for the class is adequate, taking in to account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C). Under this factor, the relief "to class members is a central concern." Fed. R. Civ. P. 23(e)(2)(C), Advisory Committee Notes. Notably, the Ninth Circuit has instructed that "[s]ettlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." Hanlon, 150 F.3d at 1027.

This factor also weighs in favor of settlement. The Settlement Agreement requires that Mophie use the language "contains a XXXX mAh internal battery" when Mophie states the mAh rating and "where the rating is determined based on the capacity of the internal battery." Settlement Agreement § 2; Amendment. The Court believes that this language clarifies that the "XXXX mAh" rating does not refer to the products' overall power output but rather to the internal battery's capacity. This language addresses the allegedly vague language from the complaint.

The subfactors of Rule 23(e)(2)(C) do not change this conclusion. The agreement does not require distributing relief to the class, and so the second subfactor is not relevant here. Nor is there any agreement identified under Rule 23(e)(3). Other courts have concluded that when "liability hinges on reasonableness, a favorable verdict cannot be certain," and settlement is more appropriate. Stathakos, 2018 WL 582564, at *5. Here, Plaintiffs would have to prove that a reasonable consumer would be misled by Mophie's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 19-827 JVS (DFMx)  Date  November 5, 2020

Title  Michael Young et al. v. Mophie, Inc.

representations to prevail, meaning that a reasonableness inquiry would be required. Settlement is therefore appropriate under this subfactor.

Finally, there are no special provisions conditioning the timing or amount of attorney's fees that would indicate collusion. The amount of attorney's fees proposed is also appropriate. "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Rule 23(h). "The 'lodestar method' is appropriate in class actions brought under fee-shifting statutes (such as federal civil rights, securities, antitrust, copyright, and patent acts), where the relief sought—and obtained—is often primarily injunctive in nature and thus not easily monetized, but where the legislature has authorized the award of fees to ensure compensation for counsel undertaking socially beneficial litigation." Bluetooth, 654 F.3d at 941. "To calculate fees under the lodestar method, a court multiplies "the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." Id. This amount is presumptively reasonable. Id.

To calculate their lodestar, Plaintiffs have submitted charts breaking down how each of the fourteen lawyers and legal assistants who worked on this case for Plaintiffs spent their time. See Blankinship Decl. at 31, Smith Decl. at 18, Drake Decl. at 53. Plaintiffs counsel's stated hourly rates vary between $190 for a paralegal to $850 for a partner. Mot. at 25. These rates within a range that have previously been approved by this Court. See Miller v. Wise Co., 2020 WL 1129863 (C.D. Cal. Feb. 11, 2020) (approving rates between $225 for a "highly experienced" paralegal and $900 for a seasoned partner). Further, Plaintiffs note that counsel have billed time on this case worth $860,369.50 and incurred $147,209.86 in fees. Mot. at 25-26. But, Plaintiffs only seek $325,000.00 in attorney's fees. Settlement Agreement § 7. As the amount sought in attorney's fees is only a fraction of the amount that Plaintiffs have shown their counsel have reasonably billed, their request for attorney's fees are reasonable as well.

The Court thus concludes that this factor, too, weighs in favor of approval.

    4. *Equitable Treatment of Class Members*

The final Rule 23(e)(2) factor turns on whether the proposed settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). "Matters of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 19-827 JVS (DFMx)     Date    November 5, 2020

Title     Michael Young et al. v. Mophie, Inc.

concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e)(2)(D), 2018 Advisory Committee Notes.

       Plaintiffs requests that the Court approve $5,000 in service fees each to Young and Dolar. Mot. 28-29. "[N]amed plaintiffs, as opposed to designated class members who are not named plaintiffs, are eligible for reasonable incentive payments." Staton, 327 F.3d at 977. Moreover, courts in this circuit have routinely awarded class representatives $5,000 in service fees. See, e.g., In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litigation, 295 F.R.D. 438, 470 (C.D. Cal. 2014) (holding that incentive awards of $5,000 to each class representative was "consistent with the amount courts typically award"); Dyer v. Wells Fargo Bank, N.A., 303 F.R.D. 326, 335 (N.D. Cal. 2014) (finding that "$5,000 is presumptively reasonable" as a service award to class representatives in the Ninth Circuit).

       Young and Dolar have also been active participants in this litigation. They each worked with counsel in the preparation of the pleadings, discovery responses, and development of the Settlement Agreement. Blankinship Decl. ¶ 8. Young and Dolar also responded to written discovery requests, produced documents, and traveled to sit for depositions. Id. From this record of extensive participation in this case, the Court concludes that Young and Dolar have easily shown that they are eligible for the $5,000 service awards. There is no other provision in the Settlement Agreement that would treat Class Members differently. So, the Court is satisfied that all Class Members are treated equitably.

       Thus, the Court **APPROVES** the parties' settlement agreement, including Plaintiffs' service awards and attorney's fees.

## IV. CONCLUSION

       For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion certifying the proposed Settlement Class, approving the proposed settlement class and the terms of the Settlement Agreement, including Plaintiffs' service awards and attorney's fees.

       **IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-827 JVS (DFMx)   Date  November 5, 2020

Title  Michael Young et al. v. Mophie, Inc.

:   0

Initials of Preparer   lmb