1  David W. Tufts (SBN 180817)
2  Lyndon R. Bradshaw (*pro hac vice*)
   DURHAM, JONES & PINEGAR, P.C.
3  111 So. Main, Suite 2400
   Salt Lake City, UT 84111
4  T. 801.415.3000
   dtufts@djplaw.com; lbradshaw@djplaw.com
5  *Attorneys for Defendant (Add'tl Counsel on Sig. Page)*

JS-6

6  E. Michelle Drake (*pro hac vice*)
   Joseph C. Hashmall (*pro hac vice*)
7  BERGER MONTAGUE PC
   43 SE Main Street, Suite 505
8  Minneapolis, MN 55414
   T. 612.594.5999; F. 612.584.4470
9  emdrake@bm.net; jhashmall@bm.net
   *Attorneys for Plaintiffs (Add'l Counsel on Sig. Page)*

10

11              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
12

13

14  MICHAEL YOUNG, and DAN          Case No. 8:19-cv-00827-JVS-DFM
    DOLAR, individually and on behalf of
15  other similarly situated individuals,    **FINAL JUDGMENT AND ORDER**
                                             **APPROVING AMENDED**
16          Plaintiffs,                      **SETTLEMENT**

17      v.                                   Hearing Date:  November 5, 2020
                                             Time:  9:30 a.m.
18                                           Location:  Courtroom 10C, Santa Ana
    MOPHIE, INC., a California               Judge Hon. James V. Selna
19  corporation,

20          Defendant.

21

22

23

24

25

26

27

28
                              ORDER
                                1

1

**ORDER**

2    WHEREAS, this matter came before the Court for hearing on November 5,

3 2020 (the "Settlement Hearing"), on motion of Plaintiffs in the above-captioned

4 action (the "Action") to, among other things, determine (i) whether the terms and

5 conditions set forth in the Settlement Agreement dated as of October 1, 2020 (the

6 "Settlement Agreement"), as amended on October 26, 2020 (the "Amendment")

7 (collectively, the "Amended Settlement Agreement"), are fair, reasonable, and

8 adequate and should be approved by the Court; and (ii) whether a judgment

9 providing for, among other things, the entry of an injunction and the dismissal with

10 prejudice of the Action against Defendant as provided for in the Amended

11 Settlement Agreement, should be entered; and

12    WHEREAS, at the Settlement Hearing, Plaintiffs moved for approval of the

13 Amended Settlement Agreement and the grant of Service Awards; and

14    WHEREAS, at the Settlement Hearing, Class Counsel moved for an award of

15 Class Counsel's Fees and Expenses; and

16    WHEREAS, the Settlement Hearing was duly held before this Court; and

17    WHEREAS, this Court has considered all matters submitted to it at the

18 Settlement Hearing, and all papers filed in this Action, and proceedings had herein,

19 and otherwise being fully informed in the premises, and finds that there is good

20 cause appearing therefore.

21    NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

22    1.    The Amended Settlement Agreement is incorporated by reference in this

23 Judgment and Order as though fully set forth herein.  All capitalized terms used herein

24 shall have the meanings set forth in the Settlement Agreement and the Amendment

25 thereto.

26    2.    The Court has jurisdiction over the subject matter of the Action and over

27 all parties to the Action, including all Class Members.

28

3. Pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, and for the purposes of the settlement only, the Action is hereby finally certified as a class action on behalf of all persons who purchased any of the Covered Products within the United States.

4. The Court finds, for the purposes of the settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of class members in the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Class Counsel have and will fairly and adequately represent the interests of the Settlement Class; and (e) Defendant has acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate with respect to the class as a whole.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs Dan Dolar and Michael Young are certified as the Class Representatives and E. Michelle Drake of the law firm of Berger Montague P.C. and D. Greg Blankinship of the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP are certified to serve as Class Counsel, and for no other purpose.

6. The Court finds that notice to the Settlement Class is unnecessary, notwithstanding the Class Injunctive Release by the Settlement Class, because the settlement falls under Rule 23(b)(2) of the Federal Rules of Civil Procedure and, pursuant to Section 5 of the Settlement Agreement, the Class Injunctive Release does not extend to any claims or potential claims for monetary damages that any member of the Settlement Class may have against Mophie or any of the Mophie Entities, except to the Plaintiffs who provided full and complete general releases of all Claims.

7.     The Court finds also that the appropriate state and federal officials were timely notified of the Amended Settlement Agreement under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715, and that ninety (90) days have passed without comment or objection from any government entity.

8.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement as set forth in the Amended Settlement Agreement and finds that settlement, including but not limited to the terms of the Settlement Agreement and the Amendment thereto, is, in all respects, fair, reasonable, and adequate, and in the best interests of the members of the Settlement Class, including the Class Representatives. This Court further finds that the settlement set forth in the Amended Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, and that Class Counsel has concluded that the proposed settlement is fair, reasonable, and adequate. Accordingly, the settlement embodied in the Amended Settlement Agreement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Settlement Agreement and Amendment thereto.

9.     The Action and all claims asserted therein are dismissed with prejudice and without costs, as such costs are identified in 28 U.S.C. § 1920.

10.    Class Counsel are hereby awarded attorney fees and expenses ("Class Counsel Fees and Expenses") of $325,000, which sum the Court finds to be fair and reasonable. In making this award, the Court has considered and found that:

(a)     The Action involves complex factual and legal issues, was actively prosecuted, and, in the absence of the Settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(b)     E. Michelle Drake of the law firm of Berger Montague P.C. and D. Greg Blankinship and his firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP skillfully and zealously pursued the Action on behalf of the Plaintiffs and the Class;

(c)     The hourly rates charged by Class Counsel are reasonable;

(d)     Had Class Counsel not achieved the settlement, there would remain a significant risk that Plaintiffs and the Settlement Class would recover nothing from the Defendant;

(e)     The amount of the Class Counsel Fees and Expenses awarded herein is consistent with awards in similar cases; and

(f)     Class Counsel shall be responsible for allocating and distributing the Class Counsel Fees and Expenses to Plaintiffs' counsel.

11.     The Court finds that an award to Plaintiffs for their time and effort in representing the Settlement Class in the prosecution of the Action is fair and reasonable, and thus awards each of the Plaintiffs a Service Award in the amount of $5,000.00.

12.     This Judgment and Order, the Settlement Agreement and Amendment thereto, any of their terms and provisions, any of the negotiations or proceedings connected with it, and any of the documents or statements referred to therein:

(a)     shall not be offered or received against Defendant or any other Released Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendant or the Mophie Entities with respect to the truth of any fact alleged by the Plaintiffs or the validity of any claim that was or could have been asserted against any Defendant or the Mophie Entities in the Action or in any litigation, or of any liability, fault, misconduct, or wrongdoing of any kind of any of the Defendant or the Mophie Entities;

(b)     Shall not be offered or received against Defendant or the Mophie Entities as evidence of a presumption, concession, or admission of any liability, fault, misconduct, or wrongdoing by any Defendant or the Mophie Entities or against the Plaintiffs or any member of the Settlement Class as evidence of any infirmity in the claims of the Plaintiffs or the other members of the Settlement Class;

(c)     Shall not be offered or received against Defendant or the Mophie Entities, or against Plaintiffs or any other member of the Settlement Class, as evidence

of a presumption, concession, or admission with respect to any liability, fault, misconduct, or wrongdoing of any kind, or in any way referred to for any other reason as against any Defendant or the Mophie Entities, in any other civil, criminal, regulatory or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Amended Settlement Agreement and this Judgment and Order; provided, however, that Defendant or any of the other Mophie Entities may refer to this Judgment and Order and the Amended Settlement Agreement to effectuate the protection from liability granted them thereunder;

(d)     Shall not be construed against any Defendant or the Mophie Entities, or against Plaintiffs or any other member of the Settlement Class as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     Shall not be construed against Plaintiffs or any other member of the Settlement Class as an admission, concession, or presumption that any of their claims are without merit or that damages would not be recoverable under the Complaint or Amended Complaint in this Action.

13.     The Court reserves jurisdiction, without affecting in any way the finality of this Judgment and Order, over (a) the implementation and enforcement of this Settlement; (b) enforcing and administering this Judgment and Order; and (c) other matters related or ancillary to the foregoing.

14.     In the event that this Judgment and Order does not become Final or the Settlement is terminated pursuant to the terms of the Amended Settlement Agreement, then this Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Amended Settlement Agreement, and shall be vacated to the extent provided by the Amended Settlement Agreement and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Amended Settlement Agreement; and (b) the fact of the Settlement shall not be admissible in any trial of the Action and

the Settling Parties shall be deemed to have reverted to their respective status in the Action immediately prior to October 1, 2020.

15.   Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Amended Settlement Agreement.

16.   There is no just reason for delay in the entry of this Judgment and Order and immediate entry by the Clerk of the Court is expressly directed.

NOW, THEREFORE, THE COURT HEREBY ENTERS THE FOLLOWING INJUNCTION:

The following pertains to all Covered Products ordered by Mophie from manufacturers 90 days or more after the date of final approval of the settlement (by entry of this Judgment and Order in the form approved by the Parties and in compliance with Section 8 of the Amended Settlement Agreement):

1.   In circumstances where Mophie includes the mAh rating on its package, where the rating is determined based on the capacity of the internal battery, Mophie shall use the following or substantially similar language: "contains a XXXX mAh internal battery".

2.   Mophie has no obligation to revise packaging for products that were ordered by Mophie from manufacturers prior to the expiration of 90 days after the date of final approval of the settlement (by entry of this Judgment and Order in the form approved by the Parties and in compliance with Section 8 of the Amended Settlement Agreement).

3.   If Mophie references the mAh rating on its website for a product where the rating is determined based on the capacity of the internal battery, not later than 90 days after the date of final approval of the settlement (by entry of this Judgment and Order in the form approved by the Parties and in compliance with Section 8 of the Amended Settlement Agreement), Mophie shall include the following or

substantially similar language on the website for that product: "contains a XXXX mAh internal battery".

Nothing in this Judgment and Order shall preclude Mophie from making further changes to any of its product labels or marketing that (1) Mophie reasonably believes are necessary to comply with applicable rules, guidelines, or decisions, or any other statute, regulation, or other law of any kind; (2) are permitted by product changes or additional testing or development work and/or to ensure Mophie provides accurate product descriptions; or (3) are more detailed than those required by this Amended Settlement Agreement.

NOW, THEREFORE, WITH RESPECT TO RELEASES, THE COURT HEREBY ORDERS THE FOLLOWING:

1. The Amended Settlement Agreement, as incorporated in this Judgment and Order, shall be the sole and exclusive remedy for any and all Claims of all Parties against all other Parties. No Party shall be subject to liability of any kind to any Party with respect to any Claim. As of the Effective Date, and excepting only the obligations created by the Amended Settlement Agreement, the Parties shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Claim against any other Party in any court or any forum, as specified in Section 4 of the Amended Settlement Agreement.

2. As of the Effective Date, each Party shall be deemed to have released and forever discharged each of the other Parties of and from any and all liability for any and all Claims, as specified in Section 4 of the Amended Settlement Agreement.

3. As of the Effective Date, the Settlement Class shall be deemed to have released and forever discharged Mophie and each of the Mophie Entities of and from any and all injunctive relief, consistent with the Class Injunctive release, as specified in Section 5 of the Amended Settlement Agreement.

4. As of the Effective Date, without further action, for good and valuable

consideration, as specified in Section 4 of the Amended Settlement Agreement, Plaintiffs and Mophie shall be deemed to have fully, finally, and forever expressly waived and relinquished with respect to the Claims, any and all provisions, rights, and benefits of Section 1542 of the California Civil Code and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

5.    As of the Effective Date, each of the Parties shall be deemed to have released and forever discharged each of the Parties and their respective counsel, for all Claims, except to enforce terms and conditions contained in the Amended Settlement Agreement.

6.    The Court shall retain exclusive and continuing jurisdiction over the Parties and the members of the Settlement Class to interpret and enforce the terms, conditions, and obligations this Judgment and Order and the Amended Settlement Agreement.

Dated: November 30, 2020

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

ORDER
9